## STATE v TYE

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3452. Decided Jan. 27, 1942

Ralph J. Bartlett, Prosecuting Attorney, Columbus; Forrest F. Smith and T. Vincent Martin, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

John M. Scott, for defendant-appellant.

## OPINION

By GEIGER, PJ.

The State, plaintiff-appellee, moves the Court for an order affirming the judgment of the lower court and the dismissing of the appeal for the reason that no bill of exceptions was filed and the time for filing such bill has now passed.

In the case at bar the defendant was indicted on a charge of rape and tried before Judge Duncan, a jury being waived. The Court found him guilty. A motion for new trial was filed, submitted and overruled, and the defendant sentenced, from which judgment of the Court appeal is prosecuted.

The defendant was found guilty on November 28th. A motion for a new trial was filed on December 1 and on that day overruled. On December 4th notice of appeal was filed. The statute §13455-1 GC, provides that the Court shall fix the time within which such bill of exceptions shall be filed, "which in no case shall be more than thirty days from the overruling of the motion for a new trial".

A bill of exceptions was filed on the 5th of January, 1942, to the allowance of which objection was made by the State, for the reason that the judgment of the Court of Common Pleas overruling the motion for a new trial was made and entered on the 1st day of December, 1941, and that the thirty days within which to file a bill as provided by §13445-1 GC, expired before the purported bill of exceptions was filed, and for the further reason that the bill of exceptions does not present an accurate report of the questions propounded and answers made during the trial, and that the same is not an accurate report of the testimony.

The trial court made the following entry upon the bill, "Objections of the State to the bill of exceptions sustained." The motion for new trial having been overruled on December 1st, 1941, the filing of a bill of exceptions on January 5, 1942, is not within the time required by §13445 GC.

The defendant-appellant files his brief contra motion of the State, wherein it is stated that the defendant-appellant's present counsel did not represent him in the trial in the Court of Common Pleas, but was retained the day after the conclusion of the trial; that a motion for new trial was filed in the Court of Common Pleas and overruled pro forma, and no argument was presented, and the defendant was sentenced immediately after the finding of guilty, and not after a motion for new trial was overruled; that at the time of the trial there was no Court Reporter present and no record was saved, and therefore no bill of exceptions available, but that defendant-appellant's present counsel did prepare a purported bill of exceptions, which was duly filed on the 5th of January, to which bill the State on said day filed objections which were by the Court sustained. It is stated by counsel for appellee that as a result of the action of the trial court counsel for defendant-appellant is fully aware that the reviewing court loses jurisdiction in this matter and submits the same to this Court for proper disposition.

None of the questions presented by the defendant-appellant can be determined upon the record without an examination of a bill of exceptions.

We are of the opinion that the proper disposition of the case in this court requires an affirmance of the judgment of the Court below and dismissal of the appeal.

HORNBECK & BARNES, JJ., concur.